February 24th, 1909.

————0————

## No. 4647.

### (Court of Appeal, Parish of Orleans.)

## SOLOMON C. MEYER VS. W. F. STOCK.

1. Contentions originating in unlawful purposes are not to be brought into courts of justice, in such cases the courts will leave the parties where they stand and dismiss the suit.

2. This rule applies not only to the principal contract, but also to any collateral one connected with or growing out of it.

3. Art. 3138, R. C. C., to the effect that "if the obligation is null, so, also, is the pledge,' 'is intended to apply to the lawful private transactions of individuals, and cannot be invoked to sustain or defeat a contract reprobated by law as violative of public policy.

Appeal from the Civil District Court, Division "B."

J. C. Henriques, L. A. Ducros, for Plaintiff and Appellant.

Woodville & Woodville, for Defendant and Appellee.

DUFOUR, J. The plaintiff sues to recover as owner certain promissory notes which he alleges got into defendant's possession under the following circumstances:

He avers that in 1908, on numerous occasions, he played poker with defendant, and "that at the end of each game the losses due Stock were liquidated by plaintiff's giving to Stock at various times the notes hereinbefore described."

He further avers "that as said notes were given to secure the payment of a gambling debt there was no consideration for the same," and that he is entitled to recover them.

This appeal is taken from a judgment maintaining an exception of no cause of action, on the ground that the matters in controversy are void, as against public policy and will not be entertained by the courts.

Appellant's contention is that his petition means that the notes were given as security and not in payment and that, under Article 3138, R. C. C., the pledge is null because the original obligation is null.

It is immaterial whether the notes were given in payment or as security, in either case, plaintiff has no standing in court.

In Madere vs. Succ. of Ory, No. 4418 of our docket, we said, after full examination of the authorities:

"Courts, in aid of public policy and the law, will notice irrespective of the pleadings that the controversy submitted for adjudication grows out of illegal purposes and if that illegality be manifested by the record, courts will notice it without plea, leave the parties where they stand and dismiss the suit. Contentions arising in unlawful purposes are not to be brought into courts of justice."

This rule applies not only to the principal contract, but also to any collateral one connected with or growing out of it. 1 An. 177.

Art. 3138 R. C. C. is intended to apply to the lawful private transactions of individuals, and cannot be invoked to sustain or defeat a contract reprobated by law violative of public policy.

As said by this court in the case cited above, "the litigants do not come to court with clean hands, we shall leave them

—176—

where their conduct has placed them.''

Judgment affirmed.